UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BASIL VALENTINE JOHNSON, JR.,

Petitioner,

-against-

UNKNOWN RESPONDENT,

Respondent.

26-CV-5985 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner Basil Valentine Johnson, Jr., who provides a Florida address for himself, brings this petition for a writ of error *coram nobis* challenging his 2006 conviction in *United States v. Johnson*, No. 05-CR-0865 (DLC) (S.D.N.Y. July 6, 2006).[1] For the reasons set forth below, the Court directs the Clerk of Court to file the petition in Petitioner's criminal case, No. 05-CR-0865 (DLC), and to close this civil action, No. 26-CV-5985 (LTS).

**DISCUSSION**

On July 14, 2026, the court received Petitioner's petition for a writ of error *coram nobis* and opened the petition as a new civil action bearing this docket number. A petition for a writ of error *coram nobis* is understood to be a challenge to a federal district court's judgment of conviction, and, therefore, to be part of the original criminal action, rather than a new civil action. *See United States v. Denedo*, 556 U.S. 904, 912-13 (2009) ("Because *coram nobis* is but an extraordinary tool to correct a legal or factual error, an application for the writ is properly

[1] Petitioner does not explicitly state the conviction he is challenging, but rather states that he is challenging his conviction in the Southern District of New York "in or around" 2004. (ECF 1, at 2.) Petitioner's only conviction in this judicial district is that entered on July, 6, 2006 in *Johnson*, No. 05-CR-0865. The Court therefore understands Petitioner to be challenging this conviction.

viewed as a belated extension of the original proceeding during which the error allegedly transpired."); *United States v. Morgan*, 346 U.S. 502, 505 n.4 (1954) (An error *coram nobis* "motion is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil Proceeding."); *see also* Fed. R. Civ. P. 60(e) (abolishing writs of error *coram nobis* as federal civil actions); *Morgan*, 346 U.S. at 505 n.4 (noting the same).

Because the petition is understood to be a continuation of Petitioner's criminal case, rather than a new civil action, the Court directs the Clerk of Court to docket the petition for a writ of error *coram nobis* in this action, No. 26-CV-5985 (LTS), as a petition for a writ of error *coram nobis* in Petitioner's criminal action, No. 05-CR-0865 (DLC). The Court also directs the Clerk of Court to close this civil action, No. 26-CV-5985 (LTS). *See United States v. Pope*, Nos. 03-CR-0492 (RTD), 13-CV-0598 (RTD), 2013 WL 1563038, at 3 n.2 (E.D.N.Y. Apr. 12, 2013) (noting that courts occasionally open applications for "habeas-like relief" as new civil actions and directing clerk of court to file error *coram nobis* materials in petitioner's criminal action and to close the civil action).

**CONCLUSION**

The Court directs the Clerk of Court to docket the petition for a writ of error *coram nobis* in this action, No. 26-CV-5985 (LTS), as a petition for a writ of error *coram nobis* in Petitioner's criminal action, No. 05-CR-0865 (DLC). The Court also directs the Clerk of Court to close this civil action, No. 26-CV-5985 (LTS).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: August 5, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge